IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN,<br><br>Respondent. | Cause No. CV 20-114-M-DWM<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Godfrey, a state prisoner proceeding pro se, has again filed another document seeking to challenge the state court sentence imposed upon him in 2013.[1]

In his present filing, Godfrey styles his claims as a "1st Amendment Petition for Redress," asserting both First and Fifth Amendment violations. (Doc. 1.) Presumably, Godfrey seeks to avoid the prohibition upon unauthorized second or successive habeas petitions by not referencing 28 U.S.C. § 2254. Much like his

---

[1] See, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014) (denying petition for lack of merit); *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014) (petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014) (petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); Godfrey v. Guyer, No. CV-20-20-M-DLC (D. Mont. March 5, 2020) (dismissed for lack of jurisdiction).

previous filings, Godfrey's creativity serves no utility here. When an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254, provides the only habeas remedy for any challenge to his detention, regardless of the nature of such challenge. *White v. Lambert,* 370 F. 3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010) (en banc). Godfrey has been informed repeatedly that Court lacks jurisdiction to hear a second or successive Section 2254 petition. This matter is dismissed.

A certificate of appealability is denied, because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Godfrey is aware of the requirements that apply to second or successive habeas applications.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Petition (Doc. 1) is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. A certificate of appealability is DENIED.

3. This action is CLOSED. No further motions may be filed.

DATED this 6th day of August, 2020.

13:57 P.M.

Donald W. Molloy
United States District Court Judge